IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ISRAEL GARCIA, JR. | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:16-cv-09 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Scottsdale"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the captioned action *Israel Garcia, Jr. v. Scottsdale Insurance Company*; Cause No. CL-15-4357-H, in the County Court at Law No. 8, Hidalgo County, Texas.

## I. BACKGROUND

1.      Plaintiff Israel Garcia, Jr. initiated the present action by filing its Original Petition in Cause No. CL-15-4357-H, in the County Court at Law No. 8, Hidalgo County, Texas on December 10, 2015 (the "State Court Action"). *See* Plaintiff's Original Petition and Request for Disclosure, attached hereto as Exhibit A.

2.      Scottsdale filed its Original Answer on January 4, 2016, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached hereto as Exhibit B.

## II.      JURISDICTION

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of

interest and costs.   This Notice of Removal is timely filed within 30 days of the filing of Scottsdale's Original Answer and less than one year after the commencement of this action.

## A.      Diversity of Parties

4.      Plaintiff is domiciled in Hidalgo County, Texas.  *See* Exhibit A, pp. 2-3.   Pursuant to 28 U.S.C. § 1332(a), Plaintiff is a citizen of the State of Texas.

5.      Scottsdale is organized under the laws of Ohio and maintains its principal place of business in Arizona.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Scottsdale is a citizen of the States of Ohio and Arizona for purposes of diversity analysis.

6.      Accordingly, there is complete diversity between the parties.

## B.      Amount in Controversy

7.      The amount in controversy in this matter exceeds the federal jurisdictional minimum of $75,000.

8.      Plaintiff's Original Petition states that Plaintiff "seeks monetary damages of $75,000 or less."  Exhibit A, Plaintiff's Original Petition and Request for Disclosure, at p. 1. This assertion is determinative, however, as Plaintiff's pleading may be freely amended under the Texas Rules of Civil Procedure until the seventh day before trial.[1]  A bare assertion in a pleading, without more, is not binding on Plaintiff, and therefore does not conclusively set the amount in controversy below the minimum for federal jurisdiction.[2]

9.      Under 28 U.S.C. § 1446(c)(2), where removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in

---

[1]     TEX. R. CIV. P. 63; *see also Ford v. U. Parcel Serv., Inc.*, 2014 WL 4105965 at *4 (N.D. Tex. Aug. 21, 2014) (Fitzwater, J.).  Because Plaintiff has pleaded this case under the Texas Rules' expedited process, there are certain other pleading restrictions that do not change the analysis as to this removal.  *See* TEX. R. CIV. P. 169.

[2]     *Ford v. U. Parcel Serv., Inc.*, 2014 WL 4105965 at *4.

controversy." The amount-in-controversy inquiry, however, "does not end merely because the plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in bad faith."[3] A pleading for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more and that the plaintiff may be able to evade federal jurisdiction by virtue of the pleading is the definition of bad faith.[4]

10.    The amount in controversy in this case is demonstratively greater than $75,000. On September 18, 2015, Plaintiff's counsel sent Scottsdale a demand letter purporting to comply with the requirements of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. *See* Exhibit C, Plaintiff's demand letter.  The letter claimed "economic damages" of $42,608.02, based on the net claim amount of an attached estimate.  *Id.* at p. 4.  The letter also sought to recover $10,652.01 in attorneys' fees, and advised Scottsdale that Plaintiff's claims under the DTPA and the Insurance Code "allow[ed] the imposition of treble damages up to 3 times economic damages."  *Id.*  Trebling of Plaintiff's alleged economic damages alone would yields an amount in controversy of $127,824.06, well over the minimum for this Court's jurisdiction.

11.    In addition to the statutory additional damages discussed in the previous paragraph, Plaintiff's Original Petition also seeks penalty interest under the Prompt Payment of Claims Act, which is calculated at 18% per annum.  Exhibit A, Plaintiff's Original Petition, at § X.  Finally, Plaintiff seeks punitive damages, *id.* at § XIII, which could increase Plaintiff's ultimate award by as much as $200,000.[5]

---

[3]    *Santiago v. State Farm Lloyds,* 7:13-CV-83, 2013 WL 1880845 at *1 (S.D. Tex. May 3, 2013) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995)).

[4]    *De Aguilar*, 74 F.3d at 1410.

[5]    Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b).

12.     Scottsdale expressly denies that Plaintiff is entitled to any of the damages discussed above.  However, Based on Plaintiff's pre-suit demand and the damage categories explicitly sought by Plaintiff's pleading, the amount in controversy requirement for federal diversity jurisdiction is clearly satisfied.

### III.     CONCLUSION

13.     Removal is proper because there is complete diversity between Plaintiff and Scottsdale, the amount in controversy exceeds $75,000, and Scottsdale is not a citizen of the state in which this case was brought.

14.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Scottsdale will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the County Court at Law No. 8 for Hidalgo County, Texas.

WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone:  (512) 476-7834
Facsimile:   (512) 476-7832

**ATTORNEY-IN-CHARGE FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

OF COUNSEL:

Robert R. Russell
Texas Bar No. 24056246
Southern District Bar No. 876504
rrussell@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
Phone: (512) 476-7834
Fax: (512) 476-7832

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail/return receipt requested on this 8th day of January, 2016:

Krystal E. Garza                                           *7196 9008 9111 1861 5072*
V. Gonzalez & Associates, P.C.
121 N. 10th Street
McAllen, Texas 78501
krystal@vgonzalezlaw.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp