Exhibit A



**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 14584954**
**Date Processed: 12/17/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309 |
| | Nationwide Mutual Insurance Company |
| | Three Nationwide Plaza |
| | Columbus, OH 43215 |

| | |
|---|---|
| **Copy of transmittal only provided to:** | Cassandra Struble |
| | Rebecca Lewis |
| | Kevin Jones |

| | |
|---|---|
| **Entity:** | Scottsdale Insurance Company |
| | Entity ID Number 3286058 |
| **Entity Served:** | Scottsdale Insurance Company |
| **Title of Action:** | Israel Garcia, Jr. vs. Scottsdale Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Hidalgo County Court, Texas |
| **Case/Reference No:** | CL-15-4357-H |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 12/16/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | SCOTTSDALE INSURANCE COMPANY |
| **How Served:** | Client Direct |
| Sender Information: | Krystal E. Garza |
| | 956-630-3266 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| | |
|---|---|
| **From:** | cassandra.struble@nationwide.com |
| **Sent:** | Wednesday, December 16, 2015 11:38 AM |
| **To:** | NationwideSOP; NWSOP@nationwide.com |
| **Subject:** | ISRAEL GARCIA, JR. V SCOTTSDALE INSURANCE COMPANY |
| **Attachments:** | 250548200_59 GARCIA DWIGHT BAD FAITH.pdf |

SCOTTSDALE INSURANCE COMPANY



**Cassandra Struble**
Analyst, Process Management
Service of Process Team| Discovery Management Unit
W 614-877-0483 | F 855-341-1633
struble1@nationwide.com

DOCKET NO. CL-15-4357-H

**DEC15'15 RCVD**

**SVC OF PROCESS**

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:     SCOTTSDALE INSURANCE COMPANY
        1 WEST NATIONWIDE BLVD DSPF 78
        COLUMBUS OH 43215-2220

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #8 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, on the 10th day of December, 2015 in this Cause Numbered CL-15-4357-H on the docket of said Court, and styled,

**ISRAEL GARCIA, JR.**
vs.
**SCOTTSDALE INSURANCE COMPANY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION AND REQUEST FOR DISCLOSURE petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
        KRYSTAL E GARZA
        V GONZALEZ & ASSOCIATES PC
        121 N 10TH STREET
        MCALLEN TX 78501

The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 11th day of December, 2015.

ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
P.O. BOX 58
EDINBURG, TEXAS 78540

BY _____ DEPUTY
        ALMA NAVARRO

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

**SHERIFF'S RETURN**
      Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

**DEFENDANT SERVED**

      Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____      By: _____
          **CIVIL PROCESS SERVER**           **DEPUTY SHERIFF/CONSTABLE**

**DEFENDANT NOT SERVED**
      Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____ ____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____      By: _____
          **CIVIL PROCESS SERVER**           **DEPUTY SHERIFF/CONSTABLE**

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____ , my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ____ day of _____ , 201_____ .


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

CAUSE NUMBER **CL-15-4357-H**

| | | |
|---|---|---|
| ISRAEL GARCIA, JR. | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NO. _8_ |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ISRAEL GARCIA, JR. (hereinafter referred to as ("PLAINTIFF"),

and files his first Original Petition against DEFENDANT, SCOTTSDALE INSURANCE

COMPANY for cause of action and would respectfully show the Court the following:

I.        Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFF seeks

damages of monetary relief of $100,000 or less. Specifically, PLAINTIFF seeks monetary

damages of $75,000 or less.

II.        Service of Process

Defendant, SCOTTSDALE INSURANCE COMPANY, may be served with

process by serving citation and a copy of this Original Petition by Certified Mail Return

Receipt Requested at 1 West Nationwide Blvd Dspf 78, Columbus OH 43215-2220.

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

SCOTTSDALE INSURANCE COMPANY is in the business of insurance in the State of Texas. The insurance business done by SCOTTSDALE INSURANCE COMPANY in Texas includes, but is not limited to the following:

1.  The making and issuing of contracts of insurance with the PLAINTIFF;

2.  The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;

3.  The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4.  The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5.  The adjusting and inspection of PLAINTIFF'S insurance claims;

6.  Making insurance coverage decisions;

7.  Taking part in making insurance coverage decisions; and

8.  Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

### III.    Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF claims and causes of action occurred in HIDALGO County, Texas.

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

IV.    Facts

SCOTTSDALE INSURANCE COMPANY and/or its agents committed the actions alleged against PLAINTIFF in this complaint. PLAINTIFF owns the property located at: 5007 Oleander Dr., San Juan, Texas 78589; Policy# DFS1103798-02; Claim# 01642922. SCOTTSDALE INSURANCE COMPANY provided coverage to the PLAINTIFF for such building, personal property, and other matters under SCOTTSDALE INSURANCE COMPANY Policy No. DFS1103798-02. During the term of said policy, PLAINTIFF sustained covered losses in the form of a windstorm event on or about March 26, 2015 in HIDALGO County, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFF promptly reported losses to SCOTTSDALE INSURANCE COMPANY pursuant to the terms of the insurance policy. As a result, PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas.  These are covered damages under PLAINTIFF'S insurance policy with SCOTTSDALE INSURANCE COMPANY.  PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of SCOTTSDALE INSURANCE COMPANY'S conduct.

V.    Conditions Precedent

All notices and proofs of loss were timely and properly given to SCOTTSDALE INSURANCE COMPANY in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law.  More than sixty days prior to the filing of this suit, written demand for payment and notice of

3

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to SCOTTSDALE INSURANCE COMPANY. All of the conditions precedent to bring about this suit under the insurance policy has occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery has been performed, SCOTTSDALE INSURANCE COMPANY has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

### VI. Breach of Contract

PLAINTIFF purchased an insurance policy with SCOTTSDALE INSURANCE COMPANY. PLAINTIFF'S property was damaged by windstorm and water damage, of which are covered under the insurance policy. SCOTTSDALE INSURANCE COMPANY has denied and/or delayed payment of PLAINTIFF'S covered claims. SCOTTSDALE INSURANCE COMPANY has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. SCOTTSDALE INSURANCE COMPANY knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of SCOTTSDALE INSURANCE COMPANY was irresponsible, and unconscionable. SCOTTSDALE INSURANCE COMPANY took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. SCOTTSDALE INSURANCE COMPANY has, by its conduct, breached its contract with the PLAINTIFF. The conduct of SCOTTSDALE INSURANCE COMPANY has proximately caused the injuries and damages to the PLAINTIFF.

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

VII.    Second Cause of Action: DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, SCOTTSDALE INSURANCE COMPANY has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S damages:

(a)    SCOTTSDALE INSURANCE COMPANY made false representations about PLAINTIFF'S rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)    SCOTTSDALE INSURANCE COMPANY actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)    SCOTTSDALE INSURANCE COMPANY failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by SCOTTSDALE INSURANCE COMPANY at the time for the purpose of inducing PLAINTIFF into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)    As described above, SCOTTSDALE INSURANCE COMPANY violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

CL-15-4357-H

SCOTTSDALE INSURANCE COMPANY took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property. SCOTTSDALE INSURANCE COMPANY'S conduct as described herein was a producing cause of damages to PLAINTIFF for which PLAINTIFF sues. The conduct of the SCOTTSDALE INSURANCE COMPANY was more than just a mistake, and was done "knowingly" and/or "intentionally" as that term is derived by statute. Because of that, SCOTTSDALE INSURANCE COMPANY may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII.    Unfair Insurance Practices

SCOTTSDALE INSURANCE COMPANY failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair. SCOTTSDALE INSURANCE COMPANY failed to properly process claims and have misrepresented material facts to the PLAINTIFF. SCOTTSDALE INSURANCE COMPANY has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, SCOTTSDALE INSURANCE COMPANY has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and has intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which SCOTTSDALE INSURANCE COMPANY is fully aware. SCOTTSDALE INSURANCE COMPANY has concealed damage known by it to exist. SCOTTSDALE INSURANCE COMPANY has known about covered windstorm

6

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S pleas for help. SCOTTSDALE INSURANCE COMPANY has failed to warn PLAINTIFF of consequential damage to his property.

By its conduct outlined above, SCOTTSDALE INSURANCE COMPANY committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. SCOTTSDALE INSURANCE COMPANY committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)  SCOTTSDALE INSURANCE COMPANY failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)  SCOTTSDALE INSURANCE COMPANY failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)  SCOTTSDALE INSURANCE COMPANY refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)  SCOTTSDALE INSURANCE COMPANY breached its duty of good faith and fair dealing at common law;

7

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

(5)    SCOTTSDALE INSURANCE COMPANY failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)    SCOTTSDALE INSURANCE COMPANY compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7)    SCOTTSDALE INSURANCE COMPANY violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8)    SCOTTSDALE INSURANCE COMPANY committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

     (a)    SCOTTSDALE INSURANCE COMPANY made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

         (i)    the terms of the policy; and/or

         (ii)    the benefits or advantages promised by the policy.

     (b)    SCOTTSDALE INSURANCE COMPANY made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

     (c)    SCOTTSDALE INSURANCE COMPANY failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

(d)     SCOTTSDALE INSURANCE COMPANY made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)     Refusing, a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);

SCOTTSDALE INSURANCE COMPANY'S conduct as described herein was a producing cause of damages to PLAINTIFF for which it sues.

IX.     Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFF'S claims were presented to SCOTTSDALE INSURANCE COMPANY, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims, SCOTTSDALE INSURANCE COMPANY refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, SCOTTSDALE INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. SCOTTSDALE INSURANCE COMPANY failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTIFF'S claims in good faith, an affirmative duty placed on

9

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau Mutual Insurance Company* 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, SCOTTSDALE INSURANCE COMPANY breached its duty to deal fairly and in good faith with the PLAINTIFF. SCOTTSDALE INSURANCE COMPANY'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which he sues.

X.    Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of his claims to SCOTTSDALE INSURANCE COMPANY. SCOTTSDALE INSURANCE COMPANY has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFF'S claim. SCOTTSDALE INSURANCE COMPANY'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. SCOTTSDALE INSURANCE COMPANY'S investigation and use of adjusters' reports was an "outcome oriented investigation.". SCOTTSDALE INSURANCE COMPANY failed to comply with the requirements of Chapter 542 listed herein:

(a)    Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(b)    Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

10

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from SCOTTSDALE INSURANCE COMPANY the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claims, together with attorney's fees, for which he sues.

## XI.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by SCOTTSDALE INSURANCE COMPANY as to any exclusion, condition, or defense pled by SCOTTSDALE INSURANCE COMPANY, PLAINTIFF would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by SCOTTSDALE INSURANCE COMPANY violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

11

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

5.  The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with SCOTTSDALE INSURANCE COMPANY. In this regard, PLAINTIFF would show that his insurance policy was renewed uninterrupted for many years; and

6.  The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, SCOTTSDALE INSURANCE COMPANY is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

## XII.   Damages

As a result of the conduct of DEFENDANT as set out above, PLAINTIFF seeks damages of monetary relief of $75,000 or less.

## XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the Defendant for actual attorney's fees, cost of suit, mental

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

anguish, DTPA violations, Texas insurance code violations, statutory penalties, and

prejudgment and post judgment interest, including judgment for additional damages and

punitive damage under the facts set forth in this or any amended pleading in exceeding the

minimal jurisdicted limits of the court.

### IV.    Jury Demand

PLAINTIFF requests this Court empanel a jury to sit in the trial of this matter. The

requisite jury fee will be paid as required by law.

### V.    Request for Disclosure

Under  Texas  Rule  of  Civil  Procedure  194,  PLAINTIFF  requests  that

SCOTTSDALE INSURANCE COMPANY disclose, within 50 days of the service of this

request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**V. GONZALEZ & ASSOCIATES, P.C.**

121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

/s/ *Krystal E. Garza*
**KRYSTAL E. GARZA**
State Bar No. 24091855
krystal@vgonzalezlaw.com

*ATTORNEY FOR ISRAEL GARCIA, JR.*

13

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

Instructions and Definitions

1. "You" or "Your" means the party responding to requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5. "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim You have made against Defendant in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1)

**Accepted by: Samantha Martinez**

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13.     "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1.      You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2.      Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

## INTERROGATORIES

1.    Please identify any person you expect to call to testify the time of trail.    .

ANSWER:

2.    Identify the persons involved in the investigation and handing of Plaintiff's claim for insurance benefits arising from damage during and include a brief description of the involvement of each person identified, their employer, and date(s) of such involvement.

ANSWER:

3.    If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

ANSWER:

4.    Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

ANSWER:

5.    State the following concerning notice of claim and timing of payment:

a. The date and manner in which you received notice of the claim
b. The date and manner in which you acknowledged receipt of the claim
c. The date and manner in which you commenced investigation of the claim
d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
e.The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

ANSWER:

6.    Identify by date, amount and reason, the insurance proceed payments made by you to the Plaintiffs.

ANSWER:

7.    Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

CL-15-4357-H

ANSWER:

8. Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims.

ANSWER:

9. When was the date you anticipated litigation?

ANSWER:

10. From November 1, 2010 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

ANSWER:

11. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

ANSWER:

12. Do you contend that the insured premises was damaged by flood water, storm surge and/ or any excluded peril? If so, state the general factual bases for this contention.

ANSWER:

13. Do you contend that any act or omission by Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

ANSWER:

14. Do you contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

ANSWER:

15. How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following:

    a.    what performance measures are used

    b.    describe your bonus or incentive plan for adjusters

ANSWER:

16. Of the persons listed in response to requests for production identify any employee of the defendant who has a criminal record or a record of complaints with the Texas Department of Insurance.

ANSWER:

17 Of the persons listed in response to requests for production identify any employee of the defendant who has any record of violations of company claim handling procedures.

ANSWER:

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:82:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  The claim files from the home, regional, local offices, and third party adjusters/ adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

RESPONSE:

2.  The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

RESPONSE:

3.  A certified copy of the insurance policy pertaining to the claims involved in this suit.

RESPONSE:

4.  The electronic dairy, including the electronic and paper notes made by Defendant's claims personnel, contractors, and third party adjusters/ adjusting firms relating to Plaintiff's claims.

RESPONSE:

5.  Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of windstorm claims in Texas from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

RESPONSE:

6.  Your written procedures or policies (including document(s) maintained in electronic form) in place from July 1, 2010 to date that pertain to the handling of complaints made by windstorm policyholders in Texas. If the party answering this request is an independent adjuster, produce the request document for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

RESPONSE:

7.  The Operation Guides which relate to the handling of claims in Texas in effect from. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

RESPONSE:

8.    The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claims.

RESPONSE:

9.    The engineering and mold reports prepared concerning Plaintiff's underlying claim

RESPONSE:

10.   If you dispute that the cause of the loss was related solely produce the engineering reports in your possessions regarding damage to property within a one-mile radius of the Plaintiff's insured property.

RESPONSE:

11.   The interior repair reports prepared concerning the Insured Location

RESPONSE:

12.   The roofing repair reports prepared concerning the Insured Location

RESPONSE:

13.   The field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject property.

RESPONSE:

14.   The emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

RESPONSE:

15.   The videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

RESPONSE:

16.   Defendant's internal newsletters, bulletins, publications and memoranda relating to policies and procedures for handling Texas Hurricane claims that were issued from July 1, 2010 to date including, but not limited to, memoranda issued to claims adjusters.

RESPONSE:

17.   The price guidelines that pertain to the handling of claims arising out of . In the event you utilize published guidelines or "off the shelf" software, without

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

**CL-15-4357-H**

modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

RESPONSE:

18. The Plaintiff's file from the office of their insurance agent.

RESPONSE:

19. The information regarding weather and storm surge conditions on which you relied in making decisions on the Plaintiff's claims.

RESPONSE:

20. The documents, manuals, and training materials, including audio/ or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas and in effect from

RESPONSE:

21. "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

RESPONSE:

22. The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluated the subject property.

RESPONSE:

23. The documents reflecting reserves applied to the subject claim.

RESPONSE:

24. For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain in disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

25. The managerial bonus or incentive plan for managers responsible for windstorm claims in effect for the time period January 1, 2010 to date.

RESPONSE:

26. The bonus or incentive plan for adjusters in effect for the time period January 1, 2010 to date.

RESPONSE:

Accepted by: Samantha Martinez

Electronically Submitted
12/10/2015 2:32:09 PM
Hidalgo County Clerks Office

CL-15-4357-H

27.    The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm claims in Texas from September 1, 2010 to date.

RESPONSE:

28.    If a third party engineer evaluated the subject property, provide the documents that show the number of other matters in which the same engineers were retained by you to evaluate others properties over the past five years.

RESPONSE:

29.    The Complaint Log required to be kept by you for windstorm complaints in Texas filed over the past three years.

RESPONSE:

30.    Your approved or preferred vendor list for engineers, third party adjusters/ adjusting companies, roofers and contractors, for windstorm claims in Texas from September 1, 2011 to date.

RESPONSE:

31.    The contract between the Defendant insurer and the Defendant third party adjusting company.

RESPONSE:

32.    The correspondence between the Defendant insurer and the third party adjusters/ adjusting firms, engineers and other estimators who worked on the claim that pertain to the Claim at issue.

RESPONSE:



**ARTURO GUAJARDO, JR.**
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058

**Return Receipt (Electronic)**

9269 3901 0661 5400 0075 6367 30

CL-15-4357-H                    RESTRICTED DELIVERY

SCOTTSDALE INSURANCE COMPANY
1 WEST NATIONWIDE BLVD DSPF 78
COLUMBUS, OH 43215-2220

············································ CUT / FOLD HERE ············································

············································ 6"x9" ENVELOPE
CUT / FOLD HERE ············································

············································ CUT / FOLD HERE ············································

Presort
First Class M
ComBasPri

U.S. POSTAGE >> PITNEY BOWES

ZIP 78539 $ 011.70
02 1W
0001402764 DEC 11 2015



3-11-08

09:23

12162015